## No. 13,467.

BJORK *v.* BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY AND COUNTY OF DENVER.
(43 P. [2d] 999)

Decided February 25, 1935.   Rehearing denied April 22, 1935.

Mr. EVERETT BELL, Mr. B. E. WOODWARD, for plaintiff in error.

Mr. JAMES D. PARRIOTT, Mr. ROBERT J. KIRSCHWING, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING in certiorari by plaintiff in error, petitioner below, to require defendant in error, respondent at trial, to retire him from the fire department of Denver, and to allow him a pension from the firemen's pension fund. To judgment denying the writ, error is assigned.

It appears that May 1, 1913, petitioner was appointed as a fireman; that after a fire at St. Joseph's Hospital, January 26, 1916, at which petitioner caught cold and became ill, he was granted indefinite leave of absence with pay; that May 1, 1916, he returned to duty; that March 1, 1919, petitioner, urging ill health, applied for and was granted six months' leave, without pay, near the end of which time, not "feeling normal," as he says, he asked the chief of the department to extend his leave, which request was denied, and he was ordered to take a physical examination and report for duty September 1, 1919; that fearing he could not pass such examination, petitioner, instead of returning and reporting for work, secured other employment and did not report to the department till the end of 1919; that on his return he presented himself to the manager of safety and excise and chief of the fire department, who told him he had lost his rights and refused to restore him to the service; that not until October 15, 1931, did the petitioner pursue the matter further, when, claiming disability as of and from the time he had leave in 1919, petitioner made informal demand of respondent and executive officers of Denver that he be retired as of March 1, 1919, or March 1, 1920, with full pay for the year, and that respondent order payment from the pension fund, as pension to him, a sum equal to

one-half of his monthly compensation, to date from March 1, 1920; that November 11, 1931, petitioner filed with respondent a formal demand to the same end, alleging that at the St. Joseph Hospital fire, previously mentioned, and while in line of duty, he became "mentally, totally and permanently disabled (insane)"; that March 18, 1932, on evidence taken and argument of counsel had, the respondent found and determined that the testimony failed to show that petitioner had suffered any injury "while performing his duty as a member of the fire department," and disallowed his petition; that April 26, 1932, the Denver civil service commission approved the action of respondent in denying petitioner's demand, "for the reason," as the commission recited, "that insufficient evidence was presented to support his claim"; that May 23, 1933, petitioner sought review in the district court, where, November 23, 1933, the finding was that in refusing petitioner's request for retirement on pension respondent acted within its jurisdiction, conformed to the requirements of its duties, and did not abuse its discretion; accordingly, the writ was denied.

Sections 9344-9364, Compiled Laws 1921 (c. 172, S. L. 1903), provide for retirement of disabled firemen, as well as for the creation of a pension fund and its administration. "The board of trustees of the firemen's pension fund," created by section 9345 of the act, is the respondent here. By section 9347, the board is to control, care for and distribute the fund, and by section 9348, it is authorized to "hear and decide all applications for relief or pensions under this act, and its decision on such application shall be final and conclusive." The act was made effective in Denver by the city charter. Municipal Code 1927, charter section 136 (242).

It was in recognition of the jurisdiction of the board of trustees, and its powers and duties, that petitioner made application to it for retirement and pension. Indeed, it was only to that agency he could apply. Unless that board, moved by petitioner's appeal, should act

favorably, or was judicially required to so act, petitioner stood remediless. The board, as we have seen, determined that petitioner did not suffer injury in line of duty. That determination, subject only to inquiry by the court as to whether, the record considered, the board had abused its discretion, was conclusive. The court of primal jurisdiction, scrutinizing the record in the light of challenge by petitioner, perceived no abuse of discretion. In the absence of that, or some equivalent finding, the court was powerless to grant the writ. Code 1921, §338; *State Medical Board v. Spears,* 79 Colo. 588, 247 Pac. 563; *State Medical Board v. Boulls,* 69 Colo. 361, 195 Pac. 325; *City Council v. Hanley,* 19 Colo. App. 390, 75 Pac. 600. Our examination of the record leads to like conclusion. The evidence is not at all convincing that by reason of his service at the St. Joseph Hospital fire in 1916—and that is the sole basis of his demand—petitioner became insane, or that he is or ever was insane. In any event, petitioner's interest regarded most favorably, there is not in the record anything to justify the claim that respondent abused its discretion in determining adversely to him.

Let the judgment be affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.