No. 14,279.

POLICE PROTECTIVE ASSOCIATION OF COLORADO ET AL. *v.*
WARREN ET AL.
(76 P. [2d] 94)

Decided December 30, 1937. Rehearing denied February 7, 1938.

Mr. Malcom Lindsey, Mr. Robert J. Kirschwing, Mr. James A. Marsh, Messrs. Quiat & Cummings, for plaintiffs in error.

Mr. F. J. Green, Mr. Winton M. Ault, Mr. Benjamin A. Woodcock, Mr. Clay R. Apple, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Suit by taxpayer John T. Warren, for himself and others similarly situated, against the tax officials of Weld county to enjoin them from levying a tax to augment the policemen's pension fund under chapter 205, Session Laws 1937. After suit was brought and before the hearing in the trial court, William E. Guthner as trustee of the policemen's pension fund of the City and County of Denver, the Police Protective Association of Colorado, and the Police Protective Association of Denver were made additional defendants. The complaint was based upon the alleged unconstitutionality of the Act, being in violation of section 7, article X; sections 14 and 25 of article II of the state Constitution, and section I of the Fourteenth Amendment to the United States Constitution. Answer was filed, and, after issues joined, the defendant police associations, at the trial, gave considerable testimony tending to show that no small part of the

duties of the policemen was outside of the corporate limits of the cities and towns. Judgment was for the plaintiff, and the county officials thereby being enjoined, the police groups come here as plaintiffs in error, and the county officials are named as defendants in error, along with Warren, the original plaintiff.

Since the trial court based its decree on the violation of section 7 of article X of the state Constitution, and none of the counsel briefed or argued any of the other constitutional questions, we shall confine ourselves accordingly, and dispose of the review on that section.

The pertinent portions of the alleged offending statute (c. 205, S. L. 1937) are as follows:

"Section 1. In every municipality in the State of Colorado wherein is maintained a regularly organized and paid Police Department, employing paid policemen, or wherein there may hereafter be organized and maintained such Department and in those municipalities which have one or more marshals performing police duties, there is hereby created and established a Board of Trustees of the Policemen's Pension Fund. Said Trustees to serve without pay; said fund to be derived from the sources and in the manner hereinafter provided, no marshal, nor his dependents, shall be entitled to any of the benefits or any rights under this act, whose police duties do not require at least 80% of his working time; and provided further that no such marshal, nor his dependents, shall be entitled to any benefits hereunder, unless he be injured, incapacitated or killed while performing police duties.

"Section 2. There shall be levied annually, beginning with the year, 1937, for the use of the Policemen's Pension Fund, two-tenths of one mill on each and every dollar of the assessed valuation of all taxable property in the State of Colorado to be assessed and collected in the same manner and at the same time as is now or may be hereafter prescribed by law for an assessment and

collection of state taxes. Said tax levy shall be known and designated as Policemen's Pension Fund Tax.

"Section 3. The entire fund derived from such levy each year is hereby appropriated to, and shall be divided, in the manner now or hereafter provided for by law among the Policemen's Pension Funds."

It is urged, and the trial court so found, that this statute imposes a general state tax to help pay the policemen's pension, which, it is contended, is a municipal purpose, and is therefore in violation of section 7 of article X of the state Constitution, which reads as follows: "Sec. 7. Municipal taxation. The general assembly shall not impose taxes for the purposes of any county, city, town or other municipal corporation, but may by law, vest in the corporate authorities thereof respectively, the power to assess and collect taxes for all purposes of such corporation."

The General Assembly declared, in part, in 1935: "The General Assembly hereby finds and determines that the various policemen and police officers, in saving and protecting the lives and property of the citizens and residents of the State of Colorado, are performing state duties and are rendering services of special benefit to the State of Colorado; and that it is the province, right and obligation of the State of Colorado to care for members of the police force who are entitled to retirement because of length of service or old age, or because they have been injured or disabled in service, and to also care for the widows, dependent mothers and dependent children of such policemen." §1, c. 173, S. L. 1935.

Previously the General Assembly directed the policemen and marshals of the respective cities and towns "to pursue and arrest any person fleeing from justice in any part of the state and to apprehend any and all persons in the act of committing any offenses against the laws of the state. * * *." c. 163, §§74 and 82, vol. IV, '35 C.S.A. (§§9031 and 9039 C.L. 1921).

Thus it appears that those functions, which, from

their nature and the facts surrounding them, may be either a state purpose or a municipal purpose are subject to legislative control. They may be state by reason of an existing statute, and may be transferred to municipal by legislative repeal or amendment. That law has been set at rest in this jurisdiction by *Walker v. Bedford,* 93 Colo. 400, 26 P. (2d) 1051.

While it is conceded that the duties of police officers are primarily local and municipal, in maintaining law and order in their respective communities, it is generally known that many of the local police officers spend much of their time and effort in performing duties in which the state at large is interested. The testimony of some of the Denver, Pueblo and Colorado Springs officers at the trial was that from thirty-five per cent to fifty per cent of their time was devoted to matters originating outside of their respective cities for the benefit of the people of the state generally.

Nothing better illustrates the purpose of this legislation than an experience appearing in the record. While a prisoner was being transported from Weld county to Canon City he escaped from the officer in Colorado Springs. The Colorado Springs police were immediately notified and a number of the force began search at once. Within a short time the prisoner was caught and returned to the custody of the Weld county officer and taken to the penitentiary. This is not an isolated case. Similar occurrences are frequent.

These situations, coupled with the legislative declaration, meet the requirement announced in *Hughes v. State,* 97 Colo. 279, at 284 (49 P. [2d] 1009), where we said: "The test, as to 'county purpose,' [in this case city or town] is, Is it for strictly county uses, for which the county or its inhabitants alone would benefit, or is it for a purpose in which the entire state is concerned or will benefit? * * *."

If at the time of the adoption of the Constitution

a particular purpose was as a matter of fact a municipal purpose, and has now by reason of progress and changed conditions, become as a matter of fact a state purpose, it is no longer under the constitutional ban.

It is well to remember that our Constitution was not made nor adopted for any particular age or time. It was intended to serve so long as our form of government shall endure. Our purpose is not to search for reasons why a law should be held unconstitutional, but rather to accept it as constitutional, unless its repugnancy to the fundamental law clearly appears. The law here in question is intended to promote, and undoubtedly will promote, a better police service for the entire state.

Our conclusion, therefore, is that to the extent the police forces of the various cities and towns serve a state purpose, which has been shown, the General Assembly could with propriety pass the Act of 1937, and not violate said section 7 of article X of the state Constitution.

The judgment is reversed, and the cause remanded, with instructions to dismiss the complaint.