No. 15,400.

FUGATE *v.* BIRDSALL, MAYOR ET AL.
(162 P. [2d] 412)

Decided October 1, 1945.

Messrs. FOARD BROTHERS, for plaintiff in error.

Mr. BEN S. WENDELKEN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as plaintiff and the city, respectively.

Plaintiff had long been employed by the city. On the termination of that service he was entitled, as provided by ordinance, to a life pension of $50.00 per month, unless precluded by section 6 of said ordinance. He made due application to the city council and his claim was rejected. Thereupon he brought this action in mandamus to enforce it. On trial to the court judgment went against him for costs. To review that judgment he prosecutes this writ.

Said section 6 provides that the allowance claimed "may be discontinued or withheld from such employee if the council shall determine, by resolution duly adopted, that such employee is in such financial condition as not to need such allowance." The council, having before it plaintiff's claim and a letter from his attorney containing a detailed statement of his financial resources, passed a resolution reciting that it had investigated his "needs and financial status * * * together with evidence submitted by the applicant and his attorney." The council therein further "finds, determines and declares that the said George D. Fugate is in such financial condition as not to need such allowance * * * that the application is by reason thereof hereby denied * * *."

On trial in the district court plaintiff and his wife testified in his behalf and the city clerk for the city. The records and correspondence of the city on the subject were read in evidence.

The court held the only question properly before it was the exercise of discretion on the part of the council. As to that, the court found reasonable diligence in procuring evidence, a candid and honest consideration thereof and such disposition that reasonable men, "fairly and honestly considering the evidence" could not reach a contrary conclusion; hence no abuse of discretion.

The substance of the seven points specified for reversal is that the qualification of "need" provided in said section 6 is void; that, if not, under the proper interpretation plaintiff was in "need"; that the question of his need was solely for his determination; that in passing said resolution the council acted arbitrarily; and that plaintiff's rights became vested when his employment terminated and could not thereafter be abrogated by passage of the resolution. No reply brief was filed.

Plaintiff's claim to a pension rested upon no contribution by him to the fund from which it would be

paid, as in *People ex rel. Albright v. Board of Trustees,* 103 Colo. 1, 182 P. (2d) 765. Its payment could only be made and accepted in exact conformity with the terms of the grant "subject to all the limitations, conditions and exceptions therein contained." *Bedford, State Auditor v. White et al.,* 106 Colo. 439, 444, 106 P. (2d) 469.

Plaintiff appealed to the council because, under the ordinance, he must go there or nowhere. It was vested with discretion in determining his status. Unless it abused that discretion the court could grant no relief. *Bjork v. Board of Trustees,* 96 Colo. 334, 43 P. (2d) 999. The court in its findings particularly enumerated, considered and passed upon the identical elements which we have designated as governing the exercise of such vested discretion. *Van DeVegt v. Board of Commissioners,* 98 Colo. 161, 55 P. (2d) 703. Were it otherwise and the court at liberty to review the facts, it has done so in its findings, supra, and held adversely to plaintiff. The record supports such finding. In explanation thereof it may properly be observed that both the council and the court found that plaintiff had in excess of $15,000 in unencumbered liquid assets.

Plaintiff would have us put upon the word "need" in the ordinance such construction as would make him the sole judge thereof. This would nullify the clause. If his rights became vested when his employment terminated a like result would follow. In fact his appeal to the council and his production of evidence before it were futile gestures unless discretion was vested in that body. His conduct is another answer to his contention.

Finding no error in the record the judgment is affirmed.

Mr. Chief Justice Bakke and Mr. Justice Stone concur.