No. 15,362.

BEDWELL *v.* BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND.
(166 P. [2d] 994)

Decided February 25, 1946.

Mr. BRYAN L. WHITEHEAD, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. FRANK L. HAYS, Mr. NEIL HORAN, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFF in error, alleging that he was over the age of fifty years and had served continuously for more than twenty years as a fireman for the City and County of Denver, petitioned defendant in error, Board of Trustees of the Firemen's Pension Fund, for retirement from active service and pension under the provisions of sections 456 and 458, chapter 163, '35 C.S.A. This petition was denied unanimously by the board. Thereafter, in a show-cause proceeding instituted by petitioner under Rule 106 R.C.P. Colo., the district court refused to disturb the ruling of the board and discharged the order to show cause. Herein the petitioner seeks a review of that judgment.

Initially, it is, and has been, the contention of petitioner that where the conditions of the statute (section 458, supra) with respect to age (fifty years) and length of service (twenty years) have been fulfilled, as admittedly is the situation herein, the allowance of retirement and pension by the board is mandatory. In opposition, as was the decision below, the board asserts that notwithstanding the attendance of the required age and service, it still possessed the discretionary power exercised to deny the petition.

As presented, the resolution of the question so raised is made to depend upon the determination of which of two legislative acts, viz., chapter 172, S.L. 1903, or chapter 75, S.L. 1917, is applicable herein and in the construction of certain provisions thereof.

The title to the 1903 act is: "An Act to create and establish a pension fund for firemen, their widows and dependent children, in cities containing a population of over one hundred thousand inhabitants and having paid

fire departments, and for the maintenance, management and conduct of the same."

The title to the 1917 act reads: "An Act to create and establish firemen's pension funds for members of regularly organized volunteer fire departments, regularly organized paid fire departments and regularly organized fire department aid associations, their wives, dependent mothers and dependent children, and to create boards of trustees of each of said funds in municipalities in the State of Colorado, and to provide for the collection and distribution of the same, and for the maintenance, management and conduct of said fund."

Section 10 of the 1903 Act ('35 C.S.A., §458, supra), specifies that, "any member of the fire department of such cities" (containing a population of 100,000, which includes Denver) who has attained the age of fifty years and has served twenty years or more *"may make application"* for retirement, and *"if his application is granted"* the board shall direct payment of the pension therein provided.

In contrast, section 12 of the 1917 Act (§481, c. 163, '35 C.S.A.), with imperative import, declares: "Any member of any paid fire department who shall have reached the age of fifty years, and who shall have served for a period of twenty years in any such department or departments in the State of Colorado *shall be entitled* to a monthly pension."

Counsel for petitioner concedes that if section 10 of the 1903 Act, supra, is the only section of the statute which applies to voluntary retirements based on age and service in the City and County of Denver, "it is doubtless true that the granting or denying of a pension is discretionary with the Board and not mandatory," but argues it is inconceivable that in adopting section 12 of the 1917 Act, supra, making the allowance of such applications for pensions mandatory in "any such [paid fire] department or departments in the State of Colorado," the legislature could have intended to preserve discre-

tionary powers in the same field to boards in cities over 100,000 in population. Upon this premise and to accomplish what he believes must have been the legislative intent, counsel asserts that section 10 of the 1903 Act should be "read in conjunction" with section 12 of the 1917 law, and the latter given equal "application," to the end that the mandatory rule may control in all municipalities, including Denver.

Notwithstanding, and without consideration of the wisdom of the policy of these enactments, which is a matter beyond our pale, we are satisfied the legislature did exactly the very thing petitioner importunes against and so unequivocally expressed by section 17 of the 1917 enactment (§486, c. 163, '35 C.S.A.) in the following language: "The provisions of this act shall not in any manner change, alter or repeal the statutes of the state of Colorado applicable to the firemen's pension fund in cities of 100,000 inhabitants or more, and the same shall remain in full force and effect in said cities, * * *."

■ We have held many times that the population of municipal corporations affords a reasonable basis for legislative classification in the passage of statutes relating thereto, and that such do not conflict with constitutional provisions inhibiting local or special legislation. See, *Frost v. Pfeiffer,* 26 Colo. 338, 58 Pac. 147; *McInerney v. Denver,* 17 Colo. 302, 29 Pac. 516, and *Darrow v. People,* 8 Colo. 417, 8 Pac. 661.

Counsel for petitioner argues that his proposal for the conjunctive reading and equal application of the two sections in discussion is not "inconsistent" with the foregoing nonrepeal provision and hence is not precluded by it. We do not agree. As is apparent from their terms, which is emphasized by petitioner's argument, the two sections are in basic conflict. Thereunder no twilight zone of conjunctive operation is attainable, since there can be no compromise between the existence of a discretionary power and the performance of a mandatory one in the carrying out of a given single function. Per-

force, the board in Denver must act under one or the other. The acceptance of petitioner's theory would be to say unmistakably that the authority given the board by section 10 of the 1903 Act had been superseded or impliedly repealed by section 12 of the 1917 law. This, the legislature by section 17, of the latter act, expressly forbids; also, confirming this legislative purpose, section 472, c. 163, '35 C.S.A., likewise a part of the 1917 act, provides: "In cities having a population of 100,000 inhabitants, or more, the board of trustees provided for by sections 449 to 469 [being 1903 Act] of this chapter, or the board of trustees or other governing body created by law in the City and County of Denver to administer any firemen's pension fund in said City and County of Denver shall have full and complete control and management of the fund herein provided for, and the provision and regulations provided for in said sections shall apply, govern and control said board of trustees in said cities and the care and distribution of said fund * * *."

The titles of the respective acts, hereinabove set out, consistently proclaim a separation of the areas of their scope. In this connection it is of interest to note that the compiler of '35 C.S.A. takes cognizance of a division by placing the 1903 act in part (a), subdivision 1, Art. 23, chapter 163 thereof, identified as relating to firemen "In cities over 100,000" and locating the 1917 act in part (b) of the subdivision under the classification "In cities having volunteer or paid fire departments."

In addition, the 1903 Act is the *only* one which has been adopted by the people of the City and County of Denver in their charter, which provides, in section 136 thereof: "The provisions of chapter 172 of the session laws of the state of Colorado of the year 1903, * * * are hereby made and declared to be in full force and effect in the city and county."

The latter circumstance was emphasized by us in the opinion in *Bjork v. Board,* 96 Colo. 334, 336, 43 P. (2d) 999, wherein we followed the 1903 Act in attributing

discretionary power to the board in considering its action on the application of a Denver fireman for retirement for disability. Later, in People ex rel. v. Trustees, 103 Colo. 1, 82 P. (2d) 765, we again treated the 1903 act as being applicable in Denver.

In the light of the foregoing we are convinced that in acting on firemen's applications for retirement and pension based on age and length of service in Denver, the board possesses the discretionary powers granted by section 10 of the 1903 Act.

While without effect herein because of its recent passage, it would seem not improper to mention that by the passage of section 8, chapter 47, S.L. 1945, amending section 458, supra, the legislature re-emphasized the discretion of the board in cities with a population in excess of 100,000, to disallow retirements to applicants within the age and length of service category of petitioner.

Contingent upon our deciding adversely to his first contention, as we have done, the petitioner further insists that in denying his application the board acted arbitrarily and so abused its discretion. Principally this claim is based upon the circumstance that in the period surrounding the action herein the board granted pensions to a number of other members of the fire department based on age and service. At the trial, evidence was introduced by the board indicating that refusal to petitioner, who, as a witness, admitted that he was suffering from no disability which would interfere with the performance of his regular duties as a fireman, was occasioned by the manpower shortages and the increased responsibility of the fire department incident to wartime emergencies. Testimony also was introduced by the board to the effect that the individuals who had been granted age and service retirements during the period were afflicted additionally with handicaps, mental or physical, which substantially detracted from their efficiency as firemen. The district court expressly held

that no abuse of discretion on the part of the board had been shown by petitioner, or appeared from the record, and we find no basis for disturbing that conclusion. For the rule concerning the province of the courts in a proceeding of this nature, see *Bjork v. Board, supra,* pp. 336, 337.

The judgment is affirmed.