## No. 16,477.

### BACON ET AL. *v.* STEIGMAN ET AL.

(225 P. [2d] 1046)

Decided November 20, 1950.   Rehearing denied December 18, 1950.

Mr. W. DAVID McCLAIN, Mr. EDWIN A. WILLIAMS, for plaintiffs in error.

Messrs. ROBINSON & PRIEST, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THROUGHOUT this opinion we will refer to the parties as they appeared in the court below, that is, plaintiffs in error as defendants, and defendants in error as plaintiffs.

Plaintiffs brought suit to obtain a mandatory order enjoining defendants from constructing two single-family dwellings upon Lot 22, Upland Acres, Jefferson county, Colorado, upon the ground that said lot was approximately 96 feet in width, and the zoning resolution required a minimum width of 100 feet for two single-family dwellings. It is alleged in the complaint, inter alia, "That plaintiffs have petitioned and appeared before defendant Board of Adjustment protesting the erection of two single-family dwellings on lot 22, Upland Acres and seeking enforcement of said zoning resolution requiring a minimum lot width of 50 feet [for each dwelling].

"That defendant Board of Adjustment in utter disregard of the provisions of the zoning resolution and rights of plaintiffs, attempted to allow the construction of the two said dwellings on a lot 96 feet wide, contrary to the law and authority in them vested; that said allowance so granted is in fact null and void and of no effect.

"That defendants Roy Bacon and Calvin Bacon are constructing two dwellings and two garages upon Lot 22, Upland Acres, Jefferson County, Colorado, without first having obtained building permits therefor, and also contrary to the law and to the provisions, intent and purpose of said zoning resolution and in utter violation of the provisions of the said resolution requiring a minimum of 50 foot width of lot for each one-family dwelling in said district."

The trial court granted the injunction, and the record and judgment are brought here for review.

The record shows that defendants made application to the Building Inspector for a permit to construct on said lot two one-family dwellings, which application was denied upon the ground above stated, and by reason of the fact that the building inspector is a ministerial officer and vested with no discretionary powers.

The zoning resolution here considered was passed in

pursuance of chapter 92, S.L. 1939. Section 17 of the statute provides, that appeals may be taken from the decisions of the building inspector in refusing, inter alia, the issuance of building permits, and vests the Board of Adjustment with authority to "hear and decide" requests for "special exceptions" and in particular:

"Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of the enactment of the regulation, or by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property, the strict application of any regulation enacted under this act would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of such property, to authorize, upon an appeal relating to said property, a variance from such strict application so as to relieve such difficulties or hardship, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning resolutions."

Section 21 of the zoning resolution defines the power of the Board of Adjustment in substantially the same language as that contained in section 17, supra.

In accordance with the authority vested in the Board of Adjustment by the statute and zoning resolution, three hearings were had. Following the first hearing held November 23, 1948, the board ordered, "Requests for permit to place two dwellings on tract 22, Upland Acres, with a 95.9′ frontage in an R 3 district.

"Mr. West moved this request be allowed since it appears additional land from Lot adjoining would only complicate the zoning problem. Mr. Rose seconded it. Unanimously carried."

Thereafter on December 2, 1948, building permits were issued in accordance with the above decision of the board; later and on December 7, 1948, a protest was filed by one of plaintiffs herein, and the case was there-

upon reopened by the board, and the matter reheard April 5, 1949, which was attended by defendants and at least one of plaintiffs. The board thereupon adhered to its previous decision and authorized the construction of the houses to proceed; thereafter at a regular meeting of the board and in harmony with Section 22 D of the resolution, hereinafter quoted, and upon motion of one of its members, it voted to reconsider the whole matter, and thereafter on November 1, 1949, after reconsideration, finally resolved:

"Whereas, Roy S. Bacon and Calvin Bacon did, on November 22, 1948, apply to the Jefferson County Building Inspector for permits to erect two single-family dwellings on Lot 22 Upland Acres, Jefferson County, Colorado, and

"Whereas, the Jefferson County Building Inspector did on November 22 1948 deny said applications; and

"Whereas, the said Roy S. Bacon and Calvin Bacon did, on November 22 1948 appeal the decision of the Jefferson County Building Inspector to this Board; and

"Whereas, this Board did on November 23 1948 hear said appeal and grant a variance from the strict application of the regulations of the Zoning Resolution for Jefferson County, and did authorize the issuance of building permits upon said applications; and

"Whereas, the Board did, on December 7 1948, grant a rehearing upon said appeal; and

"Whereas, this Board did, on April 5 1949, rehear said appeal and did affirm its action of November 23 1948; and

"Whereas, the Board has, on motion of a member, reconsidered its vote upon said appeal;

"Now, Therefore, be it Resolved, that this Board hereby ratifies and reaffirms its actions of November 23, 1948 and April 5, 1949 for the following reasons:

"1. That the plat of Upland Acres, including the said Lot 22, was recorded March 3, 1939 in the Office of the Clerk and Recorder of Jefferson County;

"2. That under the provisions of the Zoning Resolution for Jefferson County, adopted May 6, 1946, said Lot 22 was included entirely within an R-3 district;

"3. That said Lot 22 has a frontage on Pierce Street of 95.88 ft. and a depth of 134.54 ft.; that the area of said Lot 22 is substantially in excess of the minimum required for two single-family dwellings in said Residential Three (R-3) district, but that the width of said Lot 22 is 4.12 feet short of the minimum required for two single-family dwellings in said Residential Three (R-3) district;

"4. That by reason of the shape of this specific piece of property at the time of the enactment of said Zoning Resolution for Jefferson County, and the extraordinary and exceptional situation and location of this piece of property, a strict application of the provisions of the Zoning Resolution would result in peculiar and exceptional practical difficulties to and an undue hardship upon said applicants, in that an unreasonably large portion of said property would be required to be left vacant;

"5. That the relief applied for may be granted without substantial detriment to the public good and without substantially impairing the intent and purposes of the Zoning plan as embodied in said Zoning Resolution and district maps."

The above resolution was unanimously adopted by the four members present. One member was absent.

Section 22 D of the zoning resolution provides:

"1. Every decision of the Board on any case shall be by recorded resolution indicating the reasons of the Board therefor.

"2. The final disposition of any appeal from the County Building Inspector before the Board of Adjustment shall be in the form of a resolution either affirming, reversing or modifying the order, requirement, decision or determination appealed from. If a resolution fails to receive four votes in favor of the appellant upon

appeal or of the applicant for a variation from the zoning regulations, the action will be deemed equivalent to a denial, and a resolution denying such application on appeal shall be formally entered on the record. * * *.

\* \* \*

"4. The Board may, on a motion by any member, review any decision that it has made and may reverse or modify such decision, but no such review shall prejudice the rights of any person who has in good faith acted thereon before ruling is reversed or modified."

The Board of Adjustment, as above indicated, was created by law as a special tribunal with quasi judicial powers and vested with complete authority to determine whether or not conditions existed sufficient to justify the granting of a variance in the strict application of the zoning regulations in order to relieve property owners from hardships which might result therefrom. The board in the exercise of its powers, after full hearing, found that, while the lot here considered was in fact four feet narrower than required by zoning regulations, also found that the total area was substantially greater than the minimum area requirements. The board also found that the variance granted was justified because of the unusual shape, exceptional situation and location of the lot in question, and that literal compliance with the regulations would result in "exceptional practical difficulties to and an undue hardship upon" the defendants, and that no substantial injury would result by reason of such variation to others.

Rule 106, R.C.P. Colo., provides, inter alia:

"(a) * * * Special forms of pleadings and writs in habeas corpus, mandamus, quo warranto, certiorari, prohibition, scire facias, and proceedings for the issuance of other remedial writs, as heretofore known, are hereby abolished. In the following cases relief may be obtained by appropriate action or by an appropriate motion under the practice prescribed in these rules:

\* \* \*

68

"(4) Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion."

█ Plaintiffs invoked the jurisdiction of the Board of Adjustment, and on final hearing suffered adverse decision. Under such circumstances, we have said: "That determination, subject only to inquiry by the court as to whether, the record considered, the board has abused its discretion, was final." *Bjork v. Board,* 96 Colo. 334, 43 P. (2d) 999. This decision was followed by us in *Jarrett v. Cruse,* 117 Colo. 206, 185 P. (2d) 787.

█ Rule 106, supra, provides a plain and adequate remedy at law which precludes plaintiffs from bringing or maintaining the present action. *Hall v. Denver,* 117 Colo. 508, 190 P. (2d) 122.

The judgment of the trial court is reversed and the cause remanded with instructions to dismiss the action.