No. 20991.

Helena McClure Johnson *v.* Board of County Commissioners of El Paso County, Colorado, et al.

(406 P.2d 338)

Decided October 11, 1965.

ALBERT S. NELSON, BERNARD L. TROTT, for plaintiff in error.

EDWIN STRAND, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as objector, to defendant in error, F. T. Krupinski, as petitioner, and to the members of the County Zoning Board of Adjustment as the Board.

Since August 14, 1962, the petitioner has been the owner of Lots 1 and 2, Block 7, Dixon Heights Subdivision in El Paso county, Colorado. At the time he purchased the property it was zoned in a manner which would have permitted the construction of the building involved in this controversy. On September 27, 1962, the property was subjected to a change in the zoning ordinance by the Board of County Commissioners of El Paso county. The new regulation placed the land in an A-2 farming district which required compliance with the following prior to construction: a lot area of not less than 5 acres; a setback of buildings of 25 feet from any front property line or any street or highway right-of-way line; a rear yard of not less than 25 feet; and a side yard of not less than 10 feet.

On April 25, 1963, petitioner filed his application for a permit to erect a two-story frame one-family dwelling 52′ x 32′ with full basement, upon the property above

described. The permit was denied by the building inspector because the proposed construction was not in conformity with the setback requirements of the zoning regulation in that one corner of the building would reach a point only 9.6' from the street known as Hill street and another corner would reach a point only 18 feet from another street designated on the plat as County Road and also known as Old State Road. The drawings on the application also showed that one corner of the proposed building would extend to a point 5 feet from the westerly side of the lot. Upon denial of the permit petitioner then appealed to the Board of Adjustment asking for a variance in the zoning resolution on the grounds set forth in C.R.S. '53, 106-2-17.

The Board having found in favor of the petitioner, the permit as originally requested was issued, and the objector brought action in the district court of El Paso county, Colorado, to reverse the determination of the Board. Due to the insufficiency of the record and upon stipulation of the parties, the matter was remanded to the Board for a complete new hearing, after which the record of the further hearing was again certified to the court and the case proceeded to trial on the complaint as theretofore filed.

The trial court reviewed the proceedings as certified by the Board, affirmed its action, and rendered judgment accordingly. From that judgment the objector now seeks reversal by writ of error.

C.R.S. '53, 106-2-17 provides, *inter alia,* as follows:

\* \* \*

"Upon appeals the board of adjustment shall have the following powers:

\* \* \*

"(3) Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of the enactment of the regulation, or by reason of exceptional topographic conditions or other ex-

traordinary and exceptional situation or condition of such piece of property, the strict application of any regulation enacted under this act would result in peculiar and exceptional practical difficulties to, or exceptional and undue hardship upon, the owner of such property, to authorize, upon an appeal relating to said property, a variance from such strict application so as to relieve such difficulties or hardship, provided such relief may 'be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning resolutions."

It clearly appears from the plat of Dixon Heights Subdivision (which was platted prior to zoning) and from the topography of the site in question, that upon adoption of the zoning change there was an unusual situation created with reference to petitioner's land, which resulted in "peculiar and exceptional practical difficulties" as well as "exceptional and undue hardship" upon him as the owner of the land.

Under the facts disclosed, which are not disputed, the Board of Adjustment in the exercise of its discretion granted the variance. We cannot reverse this action unless we can say, as a matter of law, that there was an abuse of discretion on the part of the Board. *Bjork v. Board of Trustees,* 96 Colo. 334, 43 P.2d 999; *Bacon v. Steigman,* 123 Colo. 62, 225 P.2d 1046.

Our review of the record fails to disclose any abuse of discretion on the part of the Board. The judgment accordingly is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.