## No. 25675

**Raymond E. Huff, George Menzer, John Southcotte, D. C. McCartin, Elfreda K. Wilson, and others similarly situated, and Duke W. Dunbar v. Mayor and City Council of the City of Colorado Springs, Colorado**

(512 P.2d 632)

Decided June 25, 1973.

Kripke, Carrigan & Dufty, P.C., Robert A. Dufty, for plaintiffs-appellees.

Trott, Kunstle, Isaac & Hughes, Robert M. Isaac, Gordon D. Hinds, City Attorney, for defendants-appellants.

*En Banc.*

Per Curiam

On December 15, 1970, the Colorado Springs City Council passed an ordinance, (Colo. Springs Municipal Code, Ch. 7, Art. 16) which established a firemen's pension plan for city firemen. One newly enacted Code provision expressly recognizes that the ordinance conflicts with various provisions of 1969 Perm. Supp., C.R.S. 1963, 139-80, *et seq.* (Firemen's Pension Act) and refers to the inconsistent provisions of the Firemen's Pension Act as being superseded and inapplicable to the City of Colorado Springs. Colo. Springs Municipal Code, Ch. 7, Art. 16, Sec. 1.

Generally, the Firemen's Pension Act, as enacted by the Colorado Legislature, provides for a state system of retirement and disability pensions for all officers, members, and employees of a paid fire department of any city over one hundred thousand population. Section 11 of that Act provides for a 'retirement pension' of one-half of the amount of monthly salary received by the retiring person as of the date of application for retirement. Section 11(3) further provides:

". . . In addition, such officer or member of a fire department

shall receive additional benefits as follows: The fraction which such officer's or member's regular pension payment for the grade or rank occupied at the time of his retirement, as provided in this article, bears to the regular pension payment for the next higher rank at such time shall be computed. *Such officer or member shall receive one-half of any increase in salary and longevity pay or additional pay based on length of service granted to next higher rank or grade in such department multiplied by the fraction as above computed;* but if the next higher ranks or grades of the department receive equal money increases, then such officer or member shall receive one-half of any increase without multiplication of the fraction above computed . . . ." (Emphasis added).

This latter provision is known generally as an escalator clause and is intended to automatically adjust pension payments to keep pace with cost of living and wage increases. It is the escalator clause, which Colorado Springs considers actuarially unsound, that caused the City to enact the ordinance establishing its own alternative retirement system for city firemen.

In response to the passage of this ordinance, a fireman on active duty with the Colorado Springs Fire Department, a retired city fireman receiving a pension, and a widow of a city fireman, joined together to bring an action in the district court, in their own behalf and on behalf of others similarly situated, seeking a declaratory judgment and other relief. They argue that under the circumstances Colo. Const. Art. XX, Sec. 6 does not permit supersession of a state statute by a city ordinance, and that, therefore, any provision of the Colorado Springs ordinance which conflicts with the Firemen's Pension Act is invalid and of no force and effect. The district court agreed with the plaintiffs, holding that the subject of pensions for firemen is one of state-wide concern.

On appeal the City of Colorado Springs asks this Court to reverse the judgment of the district court on four grounds: (1) that the matter of firemen's pensions is exclusively one of local concern, rather than state-wide; (2) since the pension

plan established in the Firemen's Pension Act is actuarially unsound, contribution requirements place a confiscatory burden on the City; (3) the Firemen's Pension Act is a state act imposing a tax for municipal purposes in violation of Colo. Const. Art. XX, Sec. 7; and (4) the Act impairs the obligation of contracts of employment in violation of Colo. Const. Art. XI, Sec. 11. We disagree with appellants' contentions and affirm the judgment of the district court.

I.

Since the existence of a conflict between the Firemen's Pension Act and certain provisions of this Colorado Springs ordinance is apparent and has been conceded by both parties, the only question for this Court to resolve is whether the subject of firemen's pensions is exclusively local in nature, or whether it has state-wide interest as well. If the matter is exclusively local, then Colo. Const. Art. XX, Sec. 6 permits supersession and the Act is not applicable to Colorado Springs. On the other hand, if the subject of firemen's pensions has state-wide dimensions, then the inconsistent provisions of the ordinance must fail and the Act must be enforced. *Bennion v. Denver,* 180 Colo. 213, 504 P.2d 350; *Vela v. People,* 174 Colo. 465, 484 P.2d 1204; *Ray v. Denver,* 109 Colo. 74, 121 P.2d 886.

While we do not conclude that the City of Colorado Springs has no interest in pension plans for city firemen, we do not hesitate to characterize firemen's pensions as being of state-wide concern as well. We begin by recognizing that the protection of property generally, of which fire protection is an obvious example, is of basic and fundamental importance to all citizens of the state and the general public has a vital interest in the quality and reliability of that protection. *See Van Gilder v. City of Madison,* 222 Wis. 58, 267 N.W. 25, 32; *Luhrs v. City of Phoenix,* 52 Ariz. 438, 83 P.2d 283, 286; *City of Cincinnati v. Gamble,* 138 Ohio St. 220, 34 N.E.2d 226, 232. Colorado Springs itself recognizes that adequate fire protection is not solely of local concern when it enters mutual assistance agreements with areas outside its city limits to provide fire protection services.

Once we conclude that the matter of fire protection is of state-wide concern, it must follow that concern for pensions for those who operate the system is not exclusively local in its nature. The evidence at trial established that firefighting in this state is not only hazardous employment, requiring courage and physical strength, but is intellectually demanding as well, requiring a high degree of intelligence and skill. In order to attract this caliber of individual the fire department must compete with industry and other service professions. This requires, among other things, a reasonably competitive pension plan. As such, pension plans for firemen have a direct bearing on the matter of fire protection and are for that reason matters of state-wide concern. *Board of Trustees v. People,* 119 Colo. 301, 203 P.2d 490. *See also Axberg v. City of Lincoln,* 141 Neb. 55, 2 N.W.2d 613: *People v. City of Springfield,* 370 Ill. 541, 19 N.E.2d 598. We do not, however, here hold that every aspect of fire protection is of state-wide concern.

II.

■ Besides requiring cities over one hundred thousand population to activate a board of trustees to administer the pension fund, the Firemen's Pension Act also provides:

"*Source of Funds* — There shall be levied and set apart by the city council of each city and county, having a population of over one hundred thousand inhabitants and a paid fire department, for the benefit of said fund, a tax for each year of ten cents on each one hundred dollars valuation of taxable property in such city . . . ." (C.R.S. 1963, 139-80-3).

While this section of the Act limits the City's contribution to the pension fund to one mill, appellants argue the escalator clause described in Section 11(3)(a), will eventually require the city to contribute more money than a one mill tax in Colorado Springs can generate. According to appellants, such a requirement places a confiscatory burden on the city and its taxpayers.

The Firemen's Pension Act requires only *two* things of cities over one hundred thousand population. First, these cities are required to activate a board of trustees which is to

administer the retirement system. Second, these cities are required to levy a one mill tax on the taxable property of the city for benefit of the fund. There is no statutory requirement that Colorado Springs must obligate itself and its assets for more than one mill in order to keep pace with the requirements of the escalator clause. In fact counsel for the firemen conceded in oral argument that the City's liability extends only to one mill, regardless of the demands of the escalator clause. While we recognize that the escalator clause may eventually require funds in addition to the one mill contribution required of the City, we read the Act as limiting the City's liability to one mill. We do not reach the question of how the fund is to be maintained once additional contributions are needed. Consequently, appellants' fears of an impending confiscatory burden on the city and its taxpayers will not materialize under the present Firemen's Pension Act.

III.

Given our holding that the matter of firemen's pensions is one of state-wide interest and concern, appellants' contention that the one mill levy is a tax imposed for city purposes is without merit. *Police Protective Ass'n. of Colorado v. Warren,* 101 Colo. 586, 76 P.2d 94.

We have considered the appellants' final argument with respect to impairment of the obligation of contracts and find no authority to support that position.

IV.

In conclusion, we hold that those sections of the Colorado Springs Municipal Code which bear on the question of firemen's pensions, including all sections of Article 16, of Chapter 7, insofar as they conflict with the Firemen's Pension Act, are invalid, and the provisions of the Firemen's Pension Act apply to the City of Colorado Springs.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES do not participate.