Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, Rm. 518 Denver, CO 80203
Dear Ms. Herzmark:
By letter dated August 4, 1981, you requested an opinion on behalf of Karen Reinertson concerning the applicability of the Local Government Budget Law of Colorado, C.R.S. 1973, 29-1-101et seq., C.R.S. 1973, 29-1-301 et seq., which governs tax levies, and C.R.S. 31-30-401 et seq. and 501 et seq., which govern firemen's pension funds, to a territorial charter city or town, such as Georgetown. Pursuant to my discussion of this request with Ms. Reinertson on October 5, 1981, it is my understanding that her particular inquiry is: "In a territorial city or town such as Georgetown, who has control over expenditures from the firemen's pension fund?" The opinion which follows therefore addresses that discrete question.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
In a territorial charter city or town such as Georgetown, who is the authority that controls expenditures from the firemen's pension fund?
 My conclusion is that the firemen's pension board is that authority. It is my opinion that even if the fire protection association for whose benefit the fund exists is located in a territorial charter city, the state statute governing such pension funds, C.R.S. 1973, 31-30-401 et seq., vests the board with broad general powers to control the fund.
ANALYSIS
By statute, Colorado municipalities are divided into three classifications commonly referred to as territorial, home rule, and statutory. See C.R.S. 1973, 31-1-201. The local affairs of territorial and home rule municipalities are generally governed by their respective charters, rather than by the general laws of the state. C.R.S. 1973, 31-1-202; Colo. Const., Art. XX, § 6. See Huff v. Mayor and City Council ofColorado Springs, 182 Colo. 108, 512 P.2d 632
(1973); Glenn v. Town of Georgetown, 36 Colo. App. 431,543 P.2d 726 (1975). Conversely, with respect to matters of statewide concern, a state statute generally prevails over inconsistent charter provisions. Huff v. Mayor and CityCouncil of Colorado Springs_, supra; City ofCentral v. Axton, 159 Colo. 69, 410 P.2d 173 (1966).
The supreme court has held that fire protection and pension plans for firemen are statewide concerns governed by the Firemen's Pension Act, C.R.S. 1973, 31-30-401. See Huff v.Mayor and City Council of Colorado Springs,supra. Section 401 of the Act creates and establishes firemen's pension funds ("fund") and governing boards of trustees ("boards") in "any municipality . . . which maintains a regularly organized volunteer or paid fire department or fire department aid association. . . ." (emphasis supplied). On its face, the statute makes no distinction between territorial charter cities and the other types of municipalities classified by statute. See C.R.S. 1973, 31-1-201.[1]
This language, coupled with the case law discussed above, leads me to conclude that C.R.S. 31-30-401 et seq. applies with equal force to any municipality, including a territorial charter city such as Georgetown, so long as it maintains some form of fire prevention organization.
Section 401 vests the board with the "general supervision and control" of the pension fund. The board is directed to manage, use, and disburse the fund in accordance with the statute and with the board's rules and bylaws. C.R.S. 1973, 31-30-401. Subject only to those proper applications of fund moneys, the board's authority over fund expenditures is final.
In this regard, it should be noted that the statute designates the municipal treasurer or finance officer as one of the board members. C.R.S. 1973, 31-30-402.[2] As treasurer of the fund, that board member is responsible for preparing and filing certain financial documents to entitle the fund to participate in the annual distribution of certain state revenues.See C.R.S. 1973, 31-30-404. However, that provision should not be construed as an additional limitation on the board's collective power over the fund.
SUMMARY
It is therefore my conclusion that firemen's pension boards have final authority over expenditures from firemen's pension funds, regardless of whether the fire protection association for whose benefit the fund exists is located in a territorial charter city or other type of municipality.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE MUNICIPAL CORPORATIONS EXPENSES RETIREMENT SYSTEMS
C.R.S. 1973, 31-1-201
C.R.S. 1973, 31-30-401
C.R.S. 1973, 31-30-501
Colo. Const. art. XX, § 6
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. Of
Firemen's pension boards have final authority over expenditures from firemen's pension funds, regardless of whether the fire protection association for whose benefit the fund exists is located in a territorial charter city or other type of municipality.
[1] Distinctions not relevant here are made in the pension law between municipalities having a population of at least 100,000 inhabitants and those having less than that number. See
C.R.S. 1973, 31-30-403 and 31-30-501.
[2] Section 402 refers to cities with more than 100,000 inhabitants. In municipalities with a population less than 100,000, the city auditor or its equivalent is designated to sit on the board. C.R.S. 1973, 31-30-502.