[No. 30714. Department Two. November 22, 1948.]

HARVEY E. JOLLY, *Appellant*, v. THE CITY OF BREMERTON
*et al., Respondents.*[1]

*Marion Garland, Sr., Marion Garland, Jr.,* and *Frank Hunter,* for appellant.

*Oluf Johnsen* and *Merrill Wallace,* for respondents.

*A. C. Van Soelen, George M. Ferris, Clarence M. Boyle, Leslie R. Cooper, Joseph T. Pemberton, Lester T. Parker, Lane Morthland, J. A. Adams, Thos. L. O'Leary,* and *John A. Homer, amici curiae.*

MILLARD, J.—The application of Harvey E. Jolly, who was employed by the city of Bremerton as a fireman from May 22, 1944, until his resignation February 11, 1948, for a refund of the contributions made by him from his salary during that period to the firemen's retirement fund was denied by the municipal firemen's pension board of the city of Bremerton.

Demurrer was interposed to an order to show cause why the superior court for Kitsap county should not review and reverse the pension board's disposition of the application.

[1] Reported in 199 P. (2d) 587.

The demurrer was sustained, and a judgment of dismissal entered. Plaintiff appealed.

The question presented is whether a city fireman who was employed prior to January 1, 1947, and who continued in that employment until his resignation February 11, 1948, is entitled under Laws of 1947, chapter 91, p. 581 (Rem. Supp. 1947, § 9578-40 *et seq.*), which took effect April 1, 1947, to a refund of pension contributions made by him from his salary from the time of his employment until the date of his resignation.

Prior to April 1, 1947, the firemen's relief and pension fund was handled pursuant to the provisions of Laws of 1909, chapter 50, p. 88 (Rem. Rev. Stat., § 9559 *et seq.*), under which law there was no provision for refund of contributions, other than for a fireman who became permanently disabled not in the performance of duty (Rem. Rev. Stat., § 9567), which is not material in this case.

In 1947, an entirely new statute relating to firemen's pensions was enacted by the legislature (Laws of 1947, chapter 91). Appellant contends that he is entitled to a refund of contributions under Laws of 1947, chapter 91, § 8, subd. (i), p. 590, which reads as follows:

"(i) Any fireman who shall have served for a period of less than twenty (20) years, and shall resign or be dismissed, shall be paid the amount of his contributions, plus accrued compounded interest."

The statute defines contributions as all sums deducted from the salaries of firemen and paid into the firemen's pension fund. Laws of 1947, chapter 91, § 7, p. 586, provides that every fireman employed on and after January 1, 1947, shall contribute to the fund an amount in accordance with the age of the fireman. Every fireman employed prior to January 1, 1947, and continuing active employment, is required to contribute five per cent of his salary to the firemen's pension fund. If, however, a fireman is actively employed and is eligible for retirement and not retired, four per cent of his salary is deducted and placed in the firemen's pension fund.

By Laws of 1947, chapter 91, § 1, p. 581, a fireman is defined as follows:

"(6) 'Firemen' shall mean any person regularly or temporarily, or as a substitute, employed and paid as a member of a fire department, who has passed a Civil Service Examination for fireman and who is actively employed as a fireman; and shall include any 'prior fireman.'"

A prior fireman is defined by Laws of 1947, chapter 91, § 1, as follows:

"(11) 'Prior Fireman' shall mean a fireman who was actively employed as a fireman of a fire department prior to the first day of January, 1947, and who continued such employment thereafter."

As appellant was actively employed as a fireman prior to January 1, 1947, he is a "prior fireman."

While the benefits provided by the 1947 statute are not as generous as those provided in the prior statute, the advantages under the prior law are preserved for firemen employed prior to January 1, 1947, by Laws of 1947, chapter 91, § 12, p. 593, which reads as follows:

"Chapter 50, Laws of 1909; chapter 196, Laws of 1919; chapter 86, Laws of 1929, and chapter 39, Laws of 1935 (secs. 9559 to 9578, incl., Rem. Rev. Stat.; secs. 396-1 to 396-43, incl., PPC) and all other acts or parts of acts in conflict herewith are hereby repealed: *Provided,* That the repeal of said laws shall not affect any 'prior fireman', his widow, child or children, any fireman eligible for retirement but not retired, his widow, child or children, or the rights of any retired fireman, his widow, child or children, to receive payments and benefits from the Firemen's Pension Fund created under this act, in the amount, and in the manner provided by said laws which are hereby repealed and as if said laws had not been repealed."

For firemen employed after January 1, 1947, benefits are provided by Laws of 1947, chapter 91, § 8, subd. (a), p. 587, as follows:

"Any firemen employed in a fire department on and subsequent to the 1st day of January, 1947, hereinafter in this section referred to as 'fireman' . . ."

A fireman is not entitled to retirement with a pension until he has served twenty-five years, and not twenty years as provided by the prior statute. Provision is made by Laws of 1947, chapter 91, § 8, subd. (i), p. 590, for refund of their contributions to firemen who shall have served for a period of less than twenty years and shall resign or be dismissed from the service.

It will be noted that, while Laws of 1947, chapter 91, § 12, repealed the prior firemen's pension law, the repealing clause provides that the repeal of the prior laws shall not affect any "prior fireman" in the matter of his rights to receive payments and benefits from the firemen's pension fund "created under this act, in the amount and in the manner provided by said laws which are hereby repealed as if said laws had not been repealed."

■ Manifestly, the effect of the foregoing provision is to keep in effect for "prior firemen" the old pension law; hence, there are now two complete pension laws for firemen.

It is patent that the legislature intended to continue the old pension law for firemen who were employed prior to January 1, 1947, and who continued employment thereafter, and to make the new pension law applicable to firemen who commenced work in a fire department on or subsequent to January 1, 1947.

The judgment is affirmed.

MALLERY, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.