## Ohnmeiss v. City of Williamsport

*Patrick J. Fierro*, for plaintiff.

*Charles F. Bidelspacher*, for defendant.

WILLIAMS, P. J., September 6, 1955.—Cornelius J. Ohnmeiss, plaintiff, demands $316.35 from the City of Williamsport because of payments he was compelled to make to the city's firemen's pension fund.

Employed as a fireman, he voluntarily separated himself from his employment before he was eligible for pension.

The Act of June 28, 1947, P. L. 1032, section 1, as amended, 53 PS §12198-4320, directs that third class cities, the class in which Williamsport is included, shall provide a firemen's pension fund. This statute provides that such a pension shall be for those honorably discharged because of age, or disability and for families of such as might be killed in the service.

The legislature further provided for the application of firemen's pension funds as follows: "the fund shall be applied, under such regulations as the Board of Managers shall prescribe, for the benefit of such members of the fire department as shall receive honorable discharge therefrom by reason of service or age or disability and the families of such as may be killed in service."

The ordinance setting up a firemen's pension fund for the City of Williamsport directs that the fund should be kept separate from other funds and directs that no money shall be paid out except for the purpose of relief or pensions for its members, or their dependents as contemplated in the ordinance.

Both statute and city ordinance are silent as to the return of compulsory contributions in event of a fireman voluntarily withdrawing from the employ of the city.

Section 43 of the Act of June 28, 1951, P. L. 662, provides for the refunding of contributions of city employes who withdraw from employment before they receive a pension. It has been argued that section 43 controls in the instant case. The act of assembly concerning third class cities specifically classes three kinds of pensions. One for policemen, one for firemen and one for other employes of the city. The section which allows refund of contributions refers only to employes other than policemen and firemen.

Plaintiff cannot recover in this action. The moneys in the fund to which he contributed are public moneys

and may be used only for the purposes specified by law. The statutory provision for the firemen's pension fund, as well as the ordinance, directs that the funds shall be used and applied to those members of the fire department who shall receive honorable discharge by reason of service or age or disability under such regulations as the board of managers shall prescribe. According to the enabling ordinance no money shall be paid out except for the purpose of relief or pensions for its members, or their dependents.

Plaintiff has not complied with the conditions of the pension fund to which he belonged. He is ineligible for a pension because of his voluntary separation from his employment.

Besides, where there is neither statutory provision nor legislative intent to provide for a refund of the deductions made from the salary of any employe who has resigned, there can be no recovery: Krein v. Fairmount Park Guard Pension Fund Association, 14 D. & C. 186; Goodwin v. Board of Trustees of Firemen's Relief and Pension Fund of City of Oakland et al., 164 P. 2d 512 (Cal. App.) ; Richards v. City of Geneva, 292 N. Y. S. 397; Jolly v. City of Bremerton et al., 31 Wash. 2d 873, 199 P. 2d 587; McFeely v. Pension Commission of City of Hoboken, 8 N. J. Superior Ct. 575, 73 A. 2d 757; 62 C. J. S. 1194.

It has been argued that the pension fund is taking money from plaintiff without due process. Plaintiff, as a member of the retirement system, contributed only a fraction of the amount he would have received had he become disabled or eligible for retirement. In return for his contributions he has had the benefit and protection of the pension system.

*Order of Court*

And now, September 6, 1955, the complaint is dismissed, costs on plaintiff.