SHANNON, Judge.
The appellant, defendant below, appeals from a final decree in the lower court which held that moneys in the hands of the Board of Trustees for the Retirement System in its pension fund to the credit of the appellant, E. C. Ewing, shall be applied in partial discharge of a judgment which the appellee-City of Lake Worth then held against him.
This is the second time that this case has been before this court. In the first case the chancellor below held that the appellant was entitled to a pension, but further held *705 that the pension benefits should he paid to the City of Lake Worth as a setoff on its judgment. We held that the appellant was not entitled to a pension under the facts of the case. Ewing v. Dupee, Fla.App.1958, 104 So.2d 672. After the mandate had gone down, the pleadings were amended, and the City of Lake Worth was made a party defendant. At the conclusion of the pleading stage the court below entered its final judgment, which is, in part, as follows:
“Thereupon, it is ordered and adjudged that the said moneys held by the City of Lake Worth in its pension fund to the credit of the defendant, E. C. Ewing, shall be applied in partial discharge of said judgment. The order heretofore entered under date of July 3, 1957 is vacated and shall be held for naught.”
This phase of the case narrows itself down to the fact that the appellant is seeking recovery of approximately $1,310.97 which he, the appellant, had contributed to the pension fund over the years and which the Trustees had credited to his account. The city had a judgment against the appellant and others in the amount of approximately $206,947.13, which was based upon a defalcation from the city by the appellant and for which the appellant had been convicted in a criminal proceeding. Hence, the position of the city is that any moneys which the appellant has coming from the pension fund are a proper setoff and should be paid to it.
. The ordinance establishing the retirement system for employees of the City of Lake Worth, validated by Chapter 25961, Special Acts of 1949, Laws of Florida, provides in Section 2(i) :
“Accumulated Contributions. ‘Accumulated contributions’ shall mean the sum of all amounts deducted from the compensation of a member and credited to his individual account in the annuity savings fund, together with regular interest thereon.”
Also, Section 26(a) provides:
“Refund of Contributions. (a) Generally. Should a member cease to be an employee of the city (1) before attaining his eligible 'retirement age, for reasons other than becoming a beneficiary or dying, or (2) after attaining his eligible retirement age and not be entitled to a pension, he shall be paid all or part of the accumulated contributions standing to his credit in the annuity savings fund as he shall demand in writing on forms furnished by the board.”
Another section of this ordinance provides:
“Section 33. Assignments prohibited. The right of a person to an annuity, a pension, a retirement allowance, to the return of accumulated contributions, the annuity, the pension or the retirement allowance itself, any optional benefits, any other rights accrued or accruing to any member or beneficiary under the provisions of the retirement system and the moneys belonging to the retirement system shall be unassignable and shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency law, or any other process of law whatsoever, except as is specifically provided by the provisions of the retirement system.”
In our former decision of this case we held specifically that the appellant here was not entitled to a pension. Now we have before us the issue as to whether he is entitled to his accumulated contributions in the pension fund in view of the provisions of Section 33, supra. From the briefs filed herein, as well as from our independent search, we can find no case directly in point, and so we have to look solely to the provisions of the ordinance which are quoted above.
This court realizes that it is neither just nor equitable to allow the appellant to withdraw this money, albeit his own, when *706 the city holds a large judgment against him for defalcation; yet, at the same time, we must take into consideration the pertinent ordinance and the statutory law of the State of Florida. From the peculiar facts as exist in this case the appellant is entitled to his accumulated contributions and the city is not entitled to them by reason of Section 33, supra.
We are reversing the judgment for the purpose of having the lower court enter a final judgment not inconsistent with this opinion.
Reversed.
ALLEN, C. J., and KANNER, J., concur.