Opinion by
Mr. Justice Moore.
Plaintiff in error, to whom we will refer as plaintiff or by name, is here on writ of error directed to a summary judgment entered by the trial court dismissing his action..
Defendant in error, hereinafter referred to as defendant, at all times material to this case conducted an insurance business in the State of Colorado. Between September 1, 1941, and September 30, 1959, the plaintiff represented the defendant as District Manager under various agreements. The last contract governing the employment of plaintiff was dated August 12, 1953, and it is the only one which is in any way involved in this case. September 30, 1959, the employment of plaintiff was terminated.
The controversy as presented in this court involves two claims made by plaintiff, namely, that he is entitled to benefits under a “Retirement Plan” adopted by the defendant as an inducement to him to act as its District Manager, and that he lost commissions on insurance business written by him, or agents hired by him, because of the negligence and carelessness of the defendant in con *584 ducting its business. By bill of particulars plaintiff alleged in this connection:
“That defendant negligently, carelessly and recklessly paid to persons, as loans, sums in excess of the cash surrender value of their policies, thereby inducing such persons to retain such loans and not continue their policies of insurance; that defendant negligently, carelessly and recklessly failed to send out notices of premiums due, failed to take proper steps to keep policies of insurance in force in which the plaintiff had an interest, and, in general, neglected the business in which the plaintiff had an interest.”
Defendant submitted numerous questions to be answered by plaintiff in discovery proceedings under Rule 33, R.C.P. Colo. Following the filing of answers to these interrogatories, defendant moved for a summary judgment in which it was asserted, inter alia, that:
“2. With reference to the Second Claim, plaintiff has received his full entitlement of benefits under the Retirement Plan.
“3. With reference to the Third Claim, defendant had and has no duty toward plaintiff with respect to the manner in which defendant conducts or conducted its own business.
“4. Defendant states that the pleadings now filed, the affidavits filed and to be filed, the documents placed before the Court as exhibits, and the answers to interrogatories clearly show that, for the purposes of this motion, there is no issue as to any material fact and defendant is entitled to judgment as a matter of law.” As already stated, the motion for summary judgment was granted and judgment of dismissal of the complaint was entered.
In support of its motion for summary judgment defendant submitted affidavits evidencing that defendant terminated plaintiff because “the persistency of the business written * * * by the said Leonard S. Berenbeim was substantially below the average persistency *585 of business written elsewhere,” and that defendant could not afford, under sound business practices, to retain Berenbeim as its District Manager, and that Berenbeim had not attained sufficient age to be entitled to any benefits under the pension plan except a return of his contribution.
The program which had been adopted by the defendant for the retirement of its employees provided that each unit purchased by an employee would carry a life income at age sixty-five. It contemplated the payment of $2.50 per month for each unit carried by an employee, and further provided a benefit of $50.00 per month for each unit upon the attainment of age sixty-five if contributions had been made on said unit for at least thirty years. If the period of contributions was less than thirty years the amount of the monthly pension was reduced in accordance with a predetermined schedule. The contention of plaintiff is that, pursuant to this table, he would be entitled to a monthly pension of $9.00 per month on two units upon which he had made contributions for seven years. On another unit he had made contributions of $2.50 per month upon which he would be entitled to draw the sum of $14.00 per month. The minimum age upon which these monthly payments were allegedly due was fifty-six years as provided in the table to which reference is made. At the time plaintiff’s employment was terminated he had not attained the age of fifty-six years. The pension plan also provided as follows:
“If the field employee’s contract is cancelled by mutual agreement or for cause prior to retirement, his contributions with accrued interest will be returned to him in cash.”
It is argued by counsel for plaintiff that the termination of the employment contract was not by mutual agreement and that it was not for cause prior to retirement. The communication addressed to the plaintiff terminating the contract of employment was merely a *586 notification of termination, assigning no reason for the action taken. The contract of employment contains a provision that it might be cancelled by either party by giving the other party thirty days written notice of such cancellation, and it is under this provision that the termination of plaintiff’s employment was brought about.
The uncontradicted record shows that defendant had cause to terminate plaintiff’s employment and that the contract was cancelled for cause, the cause being adequately described in the affidavits. The trial court properly construed the pension plan when it held that no benefits were provided to employees who do not continue their employment until they attain the age of fifty-six years. The manner in which the contract of employment was terminated was admittedly in accordance with the written contract. The defendant tendered to plaintiff all contributions advanced by him together with interest thereon, which discharged the full legal obligation of defendant to plaintiff under the facts disclosed by the record.
With reference to the contention that the plaintiff is entitled to recover from defendant commissions which he might have been entitled to receive except for the negligence and carelessness of defendant in conducting its business, suffice it to say that we agree with the statement of counsel for defendant as applied to this case, that:
“* * * defendant had and has no duty toward plaintiff with respect to the manner in which defendant conducts or conducted its own business.”
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Frantz concur.