506 P.2d 401 (1972)
L. Keith BENSON et al., Plaintiffs-Appellants,
v.
CITY OF SHERIDAN, Colorado, a Municipal corporation Acting By and Through the BOARD OF TRUSTEES OF the POLICE PENSION BOARD of the City of Sheridan and Duke W. Dunbar as Attorney General of the State of Colorado, Defendants-Appellees.
Thomas W. METZLER et al., Plaintiffs-Appellants,
v.
CITY OF LITTLETON, Colorado, a Municipal corporation Acting By and Through the BOARD OF TRUSTEES OF the POLICE PENSION BOARD of the City of Littleton and Duke W. Dunbar as Attorney General of the State of Colorado, Defendants-Appellees.
Raymond J. PETERSON et al., Plaintiffs-Appellants,
v.
CITY OF CHERRY HILLS VILLAGE, a Municipal corporation Acting By and Through the BOARD OF TRUSTEES OF the POLICE PENSION BOARD of the City of Cherry Hills Village and Duke W. Dunbar as Attorney General of the State of Colorado, Defendants-Appellees.
No. 72-069.
Colorado Court of Appeals, Div. I.
December 19, 1972.
Rehearing Denied January 9, 1973.
*402 Martin P. Miller and James J. Moran, Littleton, for plaintiffs-appellants.
Hemminger, McKendree, Vamos & Elliott, P. C., Gary H. Hemminger, Denver, for defendant-appellee City of Sheridan.
Alan L. Sternberg, Littleton, for defendant-appellee City of Littleton.
Van Cise, Freeman, Tooley & McClearn, Hugh J. McClearn, Denver, for defendant-appellee City of Cherry Hills Village.
Selected for Official Publication.
COYTE, Judge.
The plaintiffs, former police officers for the various defendant municipalities, sought a declaratory judgment as to the rights of former police officers of the municipalities who contributed from their salries to the police pension funds pursuant to C.R.S.1963, XXX-XX-XX, and requested return of their contributions. The cases, brought as class actions, were consolidated and submitted to the trial court on agreed statements of fact. The trial court declared that Article 49 of Chapter 139, C.R. S.1963, as amended, is enforceable by its terms and is sufficient authority for the cities to withhold pension contributions. The court further stated that, since the statute does not provide for refund of contributions to the police officers, the municipalities have no authority to return any of the monies to the plaintiffs. Recovery was denied. Plaintiffs appeal. We affirm.
Article 49 of Chapter 139, C.R.S. 1963, as amended, provides for the creation, funding and operation of police pension funds. Plaintiffs contend that this statute merely enables the municipalities to pass an ordinance or charter amendment to establish a police pension fund. Since none of the cities have such an ordinance or charter provision, plaintiffs argue that defendants were without authority to withhold the amounts for the pension funds initially. Plaintiff's premise is erroneous. The statute provides that the pension system shall exist in every municipality in the state which meets requirements concededly met here. It further creates a board of trustees or recognizes existing boards and vests such boards with authority to make rules and regulations for the operation of the pension funds. C.R.S.1963, XXX-XX-XX, grants the municipalities herein involved the power to pay a sum up to five percent of their total police department salaries into the policemen's pension fund, and C. R.S.1963, XXX-XX-XX, provides that members of the police department in such municipalities shall contribute matching amounts *403 from their salaries. The statute, by its terms, established the pension system without further municipal legislation. See County Comm. v. Edwards, 171 Colo. 499, 468 P.2d 857.
All of the plaintiffs had voluntarily resigned from their respective police departments prior to retirement and without any disabilities. Some are now employed by other police departments within the state. Each defendant city had established a police pension fund in accordance with Article 49, Chapter 139, C.R.S.1963, as amended, for its officers, governed by a board of trustees. However, there were no city ordinances relating to the said funds. Each municipality paid into its fund an amount equal to that withheld from the policemen's salaries. Plaintiffs claim that they are entitled to a refund of amounts withheld from their salaries. The statute does not provide for a refund of the contributions made by the officers. In the case of Derby v. Police Pension and Relief Board, 159 Colo. 468, 412 P.2d 897, where the Denver City Charter was similarly silent as to any refund provision, the Supreme Court held:
"Up to the time the plaintiffs severed their connection with the Police Department, either voluntarily or involuntarily, they were accorded the benefits and full protection under the plan. An officer who voluntarily severed such connection surrendered those rights and quit contributing to the fund and, having had the protection of the plan up to that time, he is not legally, equitably or morally entitled to a return of his contributions."
When the officers contributed their property to the pension fund, they obtained in return a limited vesting of pension rights while employed and a vested pension right upon death, disability or retirement while covered by the pension system. Police Pension and Relief Board v. Bills, 148 Colo. 383, 366 P.2d 581; Police Pension and Relief Board v. McPhail, 139 Colo. 330, 338 P.2d 694. In addition to the benefit and protection of the pension system during their employment, the plaintiffs in the present case are also credited in the various police departments within the state where they are now employed with the time so served in computing their total years of service for establishing pension eligibility. C.R.S.1963, XXX-XX-XX.
Rather than claiming the benefits specified in the act, plaintiffs seek a refund of the sums withheld from their wages. Their demand is answered by the court in Derby v. Police Pension and Relief Board, supra:
"They can find no comfort in the argument that they may have a limited or a vested right to a pension, when a pension is not what they are seeking. The evidence is insufficient, or rather totally lacking, that there was ever any `contractual arrangement' between the parties relating in any way to the return of the officers' contributions."
We have considered the remaining arguments set forth by the plaintiffs and find them to be without merit.
In the absence of any statutory provision or contractual agreement, the rights of police officers under the police pension system do not include the right to a refund; therefore, plaintiffs are not entitled to a return of their contributions.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.