O. J. Lucero, D.D.S. President Colorado State Board of Dental Examiners Department of Regulatory Agencies 1525 Sherman Street, Room 132 Denver, Colorado 80203
Dear Dr. Lucero:
This is in response to former Board President Mahlon S. Miller's letter of December 26, 1979 in which he requested an opinion regarding the effect of C.R.S. 1973, 12-35-125(2)(a) upon the practice of dental hygiene. The above-cited subsection was added to the Dental Practice Law of Colorado as a part of House bill No. 1474 (1979 Sess.) effective July 1, 1979. See
1979 Colo. Sess. Laws at ch. 107.
QUESTION PRESENTED AND CONCLUSION
The request presents two questions:
1. Whether the statute permits a licensed dentist, at his discretion, to exercise either over-the-shoulder or on-the-premises supervision of a dental hygienist in his office, and
2. Whether the statute permits the dental board to adopt rules and regulations requiring that certain dental procedures be performed by dental hygienists only under the direct supervision of a licensed dentist.
 The answer to the first question is "yes." A licensed dentist's professional responsibility to his patients may not be compromised by requiring such dentist to exercise only general supervision of dental hygienists. The answer to the second question is "no." The board does not have the statutory authority to limit the ability of the licensed dentist to exercise his professional dental judgment in determining the necessity for the supervision of a dental hygienist working with such dentist.
ANALYSIS
H.B. 1474 (1979 Sess.) substantially rewrote section 12-35-125 of the Dental Practice Law which formerly stated as follows:
 12-35-125. Tasks authorized to be performed by dental auxiliaries or dental hygienists. (1) The responsibility for diagnosis, treatment planning, or the prescription of therapeutic or corrective measures in the practice of dentistry shall remain with a licensed dentist and may not be assigned to any dental hygienist or dental auxiliary.
 (2) The removal of deposits, accretions, and stains by scaling with hand, rotory, ultrasonic, or other devices from exposed surfaces of the teeth and from the gingival sulcus shall constitute a part of the practice of dental hygiene under this article. Dental hygiene may be performed by licensed dentists and licensed dental hygienists, but dental hygiene shall be performed by a dental hygienist only under the personal direction of a licensed dentist in accordance with rules and regulations adopted by the board.
 (3) A dental hygienist or other dental auxiliary may perform intraoral and other tasks and procedures assigned to him by a licensed dentist that do not require the professional skill of a licensed dentist but only under the personal direction of the licensed dentist. No dental procedure that will contribute to or result in an irremediable alteration of the oral anatomy may be assigned to anyone other than a licensed dentist. A dental hygienist or dental auxiliary may perform his duties only in the office of a licensed dentist or in public, parochial, or charitable schools and institutions and in such other places as may be authorized by rules and regulations of the board.
(Emphasis added.)
The above section was amended to separately describe those dental tasks and procedures which may be delegated by a licensed dentist to dental hygienists, and those which may be delegated to dental auxiliaries. As it describes those tasks or procedures delegable to dental hygienists the amended subsection, H.B. 1474 (1979 Sess.), states as follows:
 12-35-125. Tasks authorized to be performed by dental auxiliaries or dental hygienists. (1) The responsibility for diagnosis, treatment planning, or the prescription of therapeutic measures in the practice of dentistry shall remain with a licensed dentist and may not be assigned to any dental hygienist or dental auxiliary. No dental procedure that will contribute to or result in an irremediable alteration of the oral anatomy may be assigned to anyone other than a licensed dentist.
 (2)(a) Except as provided in subsection (1) of this section, a dental hygienist may perform any dental task or procedure assigned to him by a licensed dentist that does not require the professional skill of a licensed dentist but only under the general supervision of a licensed dentist in the office of a licensed dentist, or as provided elsewhere in this section.
 (b) Dental hygiene may be performed by licensed dentists and licensed dental hygienists, but dental hygiene shall be performed by a dental hygienist only:
 (I) Except as allowed in subparagraph (II) of this paragraph (b), under the general supervision of a licensed dentist in accordance with rules and regulations adopted by the board; (II) If such dental hygienist has one year of dental hygiene clinical experience, when employed or retained by public, parochial, or charitable schools, institutions operated by the state or political subdivisions thereof, health facilities, as defined in section 25-25-103(6)(a), C.R.S. 1973, or corporations, partnerships, or other entities which provide dental hygiene services as employer health benefits to their employees and their families and in such other places as may be authorized by rules and regulations of the board. When so employed or retained, a dental hygienist may perform dental hygiene without the personal direction of a dentist. Such facilities, institutions, or entities employing or retaining a dental hygienist shall be exempt from the provisions of sections 12-35-103(5)(a) and 12-35-110(1)(b) and shall assume full legal responsibility for the services or procedures performed by the dental hygienist.
 (c) Nothing in this subsection (2) shall prohibit the dental hygienist from collecting fees from the private facility or the recipient of services in a private facility.
(Emphasis added.)
The statutory changes which are relevant to your request involve the nature of the supervision to be exercised by licensed dentists over dental hygienists. The statute, C.R.S. 1973,12-35-103(4), as amended, defines such supervision as:
 (4) "Personal direction" means the orders of a dentist licensed in Colorado, which shall be classified as follows:
 (a) "Direct supervision" means the supervision of those tasks or procedures that do not require the presence of the dentist in the room where performed but require his presence on the premises and availability for prompt consultation and treatment.
 (b) "General supervision" means the supervision of those tasks or procedures that do not require the presence of the dentist in the office or on the premises at the time such tasks or procedures are being performed, but require the tasks be performed with the prior knowledge and consent of the dentist.
(New material added to existing statute by H.B. 1474 (1979 Sess.) is underlined.)
Prior to the H.B. 1474 (1979 Sess.) amendments to the Dental Practice Law a licensed dentist was required to exercise "personal direction," under which heading "general supervision" and "direct supervision" were subsumed, over the performance of dental tasks and procedures by a dental hygienist. The amendments require that, except as otherwise specifically allowed by statute, a dental hygienist may now perform such tasks and procedures only under the "general supervision" of a licensed dentist.
A literal reading of the amended statute would require that a dental hygienist not be allowed to work under the "direct supervision" of a licensed dentist. Such an interpretation would appear to unnecessarily interfere with the dentist's ability to make the professional determination that over-the-shoulder or similar supervision is necessary for particular dental tasks or procedures.
This might also lead to the anomalous and unreasonable circumstance wherein a dental auxiliary, who may have had little training and no license in the field of the healing arts, may be allowed to perform dental procedures under direct supervision pursuant to section 12-35-125(3) that do not require the professional skill of a licensed dentist, whereas a licensed and trained dental hygienist may not be permitted to perform such dental procedures under general supervision because the dentist may decide that such procedures require the presence of the dentist either in the room or on the premises.
In order to avoid such an unreasonable result, the language in subsections 12-35-125(2)(a) and 2(b)(I) must be read as merely establishing minimum supervisory requirements for dental hygienists. In other words, the dentist may determine on a case by case basis, based upon his professional dental judgment, whether over-the-shoulder or on-the-premises supervision as encompassed by the term "direct supervision" may be required. This construction is consistent with the intent of the legislature and resolves the unreasonable result described above.Conrad v. City of Thornton., 191 Colo. 444, 553 P.2d 822
(1976).
The second question raised by your request is whether the board is authorized to adopt rules and regulations which limit the ability of licensed dentists to exercise their professional judgment regarding whether direct or general supervision is necessary when certain dental procedures are delegated to dental hygienists. Dental Practice Law, section 12-35-125(7), authorizes the board to adopt reasonable rules and regulations "as may be necessary to implement and enforce" the provisions of section12-35-125. However, the board must have the statutory authority to adopt such rules and regulations and no rule or regulation may conflict with statutory provisions.
H.B. 1474 (1979) added statutory language to section 12-35-125, which now states that a dental hygienist may work "only" under the general supervision of a licensed dentist. As analyzed above, this provision does not limit a dentist's ability to supervise hygienists, however, it does limit the board's authority to adopt rules and regulations in this area.
The actions of the legislature in changing the definition of general supervision (section 12-35-103(4)(b)), deleting the term "personal direction" from the requirements of supervision of dental hygienists (compare H.B. 1974 (1979) amendments to C.R.S. 1973, 12-35-125), and the resulting specific authorizations for dental hygienist to work under general supervision evidences the legislative intent that direct supervision may not be mandated by the board. The ultimate responsibility for the rendering of dental services lies with the dentist. His authority to delegate and generally supervise may not be further restricted by board rule to require direct supervision.
SUMMARY
In summary, the provisions of C.R.S. 1973, 12-35-125(2)(a) do not require that a licensed dentist surrender his responsibility to supervise dental hygienists or dental auxiliaries in accordance with his professional dental judgment. Where necessary, adequate supervision may involve over the shoulder direction or the dentist's presence on the premises where dental services are performed. In addition, the board may not adopt rules and regulations which serve to limit the ability of a licensed dentist to determine, through the exercise of his professional dental judgment, the nature of the supervision which should be employed for specific dental procedures.
Very truly yours,
 J.D. MacFARLANE Attorney General
DENTISTS AND DENTISTRY STATUTES STATUTORY CONSTRUCTION STATUTORY REVISION
C.R.S. 1973, 12-35-125(2)(a) C.R.S. 1973, 12-35-103(4) C.R.S. 1973, 12-35-125(7)
REGULATORY AGENCIES, DEPT. Dental Examiners, Bd. of
The Dental Practice Law of Colorado does not prohibit a dentist from exercising over-the-shoulder supervision of a dental hygienist. The statute, however, does prohibit the State Board of Dental Examiners from requiring that certain dental procedures be performed by a dental hygienist only under the supervision of a dentist.