689 P.2d 199 (1984)
Marilyn A. MASON, Individually and as Personal Representative of the Estate of Michael D. Mason, Deceased, and as next friend of Christopher Lee Mason, a minor, Plaintiffs-Appellants,
v.
STATE of Colorado, Colorado Board of Parole, Gordon W. Heggie, individually and as Chairman of the Board of Parole, Daniel Grove, individually and as Vice-Chairman of the Colorado Board of Parole, Richard A. Sutton and John M. Zapien, individually and as members of the Colorado Board of Parole, Defendants-Appellees.
No. 82CA1474.
Colorado Court of Appeals, Div. II.
June 28, 1984.
Rehearing Denied July 26, 1984.
Certiorari Granted October 22, 1984.
*200 Jim Leventhal, P.C., Jim Leventhal, Denver, for plaintiffs-appellants.
Hall & Evans, David R. Brougham, Denver, for defendants-appellees.
BERMAN, Judge.
Plaintiff appeals the trial court judgment dismissing her claim for damages in a wrongful death action against defendants. We affirm in part and reverse in part.
On December 3, 1976, the Colorado Board of Parole (Parole Board) granted parole to Larry Smith, an inmate at the state reformatory, who had been sentenced in 1974 to an indeterminate to 30-year term for aggravated robbery. On February 3, 1978, following his release, Smith traveled to Texas where he murdered 26-year-old Michael Mason, who was the husband of plaintiff, Marilyn Mason, and the father of Christopher Lee Mason, their minor son.
On October 17, 1979, plaintiff filed a complaint on behalf of herself, her son, and decedent's estate, for damages for the wrongful death of decedent. Plaintiff claimed that the Parole Board's release of Smith was a violation of § 17-2-201(3)(c), C.R.S. (1978 Repl.Vol. 8), in that defendants knew, or reasonably should have known, that there did not exist a "strong and reasonable probability" that: (1) Smith would not thereafter violate the law, and that (2) Smith's release from institutional custody was compatible with the welfare of society. In short, plaintiff claimed that defendants acted negligently and are, therefore, liable for the claimed damages proximately caused by the negligence.
Defendants filed a motion to dismiss on grounds that they were immune from liability by virtue of the Colorado Governmental Immunity (Sovereign Immunity) Act, § 24-10-101, et seq., C.R.S. (1982 Repl.Vol. 10). After a transfer of venue, the motion was treated as one for summary judgment, and the trial court dismissed plaintiff's action, holding that all defendants have "total immunity from suit in the circumstances presented by this case." This appeal followed.
Upon oral argument to this Court, plaintiff conceded the individual immunity of defendant chairman and the other individual *201 defendant members of the Parole Board. Indeed, our decision in Cooper v. Hollis, 42 Colo.App. 505, 600 P.2d 109 (1979) fully supports plaintiff's concession. Therefore, the sole question remaining is whether the trial court erred in holding that the Parole Board and the State of Colorado, as "entities," see § 24-10-103(5), C.R.S. (1982 Repl. Vol. 10), are immune from liability to plaintiff in this action. In determining this question, we note none of the parties to this appeal contend that the Parole Board and the State of Colorado are not "public entities" as defined in the above statute.

I.
Defendants, Parole Board and State of Colorado, argue that they are immune not only under the doctrine of sovereign immunity, but also under the doctrine of official immunity. However, the latter doctrine concerns the immunity to which an officialan individualis entitled and is, therefore, inapplicable to the issue of entity immunity with which we are here concerned. See Cooper v. Hollis, supra.
Nevertheless, the Parole Board and the State contend essentially that official immunity ought to extend, vicariously, to them as entities even though it does not apply to them directly. They argue that the entities of the Parole Board and the State cannot logically be held liable under the doctrine of respondeat superior because the defendant entities cannot act other than through each entity's employees.
We disagree for the simple reason that if every sovereign entity were to be automatically immune from suit by virtue of vicarious enjoyment of the doctrine of official immunity, the abrogation of sovereign immunity by our General Assembly and our Supreme Court, see §§ 24-10-102 and 24-10-108, C.R.S. (1982 Repl.Vol. 10), would be rendered meaningless. We may not presume that the General Assembly intended such an unreasonable result. Conrad v. City of Thornton, 36 Colo.App. 22, 536 P.2d 855 (1975), rev'd on other grounds, 191 Colo. 444, 553 P.2d 822 (1976).
This interpretation of § 24-10-104(1), C.R.S. (1978 Repl.Vol. 10) finds support in other jurisdictions. For example, the Supreme Court of Vermont, a state with a statute (29 V.S.A. § 1403) substantially equivalent to § 24-10-104(1), C.R.S. (1982 Repl.Vol. 10), has interpreted its statute as providing that since:
"[t]he immunity waiver elucidated in [the statute] makes no mention of the governmental unit vicariously enjoying an employee's immunity, ... [w]e will not strip the statute of its plain meaning nor ignore the obvious intention of the Legislature." My Sister's Place v. City of Burlington, 139 Vt. 602, 433 A.2d 275 (1981).
Similarly, since § 24-10-104, C.R.S. (1982 Repl.Vol. 10) makes no mention of governmental entities vicariously enjoying the immunity of its officials, we refuse to read such a provision into that statute.
We are aware of our ruling that "[w]here the cause of action asserted against an employer rests in respondeat superior and not on an individual act of negligence, a judgment on the merits favorably absolving the employees of responsibility acts as a bar to an action against the employer." Flournoy v. Sayles, 37 Colo.App. 67, 544 P.2d 649 (1975). However, we do not perceive it to be a barrier to plaintiff's cause of action against the two entities here.
The claim for relief here is based on a theory of the negligence and direct liability of the Parole Board as an entity and upon the imputation of that liability, under a theory of respondeat superior, to the State of Colorado. For, as plaintiff points out, the paroling of an inmate requires the concurrence of at least two Parole Board members, § 17-2-201(9)(a), C.R.S. (1978 Repl.Vol. 8). That is, no single person is empowered to act as an agent of the Parole Board. Thus, plaintiff's cause of action rests on an "individual act of negligence," by the Parole Board as an entity rather than in respondeat superior. Therefore, the alleged negligence in releasing Smith is attributable only to the entity of the Parole Board and, under respondeat superior, ultimately *202 to any principal for which that entity acted.
That is, § 17-2-201(9)(a) states precisely the converse of defendants' contention that the defendant Parole Board cannot act other than through each individual member of the Board. The statute clearly provides, instead, that the Parole Board cannot act other than as an entity comprised of two or more persons.
Hence, the Parole Board is not a principal acting through a number of agents, as defendants suggest. Rather, it is one of the "entities" under § 24-10-104(1), C.R.S. (1982 Repl.Vol. 10) which may be sued directly and, thus, the State may be sued as the Parole Board's principal, for there is no immunity protecting the State against the imputation of the Parole Board's negligence to it under the doctrine of respondeat superior.

II.
Regarding the specific doctrine of sovereign immunity, plaintiff contends that, pursuant to § 24-10-104(1), C.R.S. (1982 Repl. Vol. 10), the Parole Board and the State have each waived the defense of sovereign immunity by virtue of maintaining liability insurance, as required by § 24-10-116, C.R.S. (1982 Repl.Vol. 10). We agree.
Section 24-10-104(1), C.R.S. (1982 Repl. Vol. 10) provides:
"Notwithstanding any provision of law or of this article to the contrary, if a public entity provides insurance coverage provided by an insurance company authorized to do business in this state to insure itself against liability for any injury or to insure any of its employees against his liability for any injury resulting from an act or omission by such employee acting within the scope of his employment, then such public entity shall be deemed to have waived the defense of sovereign immunity in any action for damages for any such injury insured against...." Section 24-10-104(1), C.R.S. (1982 Repl.Vol. 10) (emphasis supplied)
Defendants argue, in contrast, that they are entitled to immunity by virtue of § 24-10-106(2), C.R.S. (1982 Repl.Vol. 10) which precludes a "waiver of sovereign immunity where the injury arises from the act, or failure to act, of a public employee where the act is the type of act for which the public employee would be or heretofore has been personally immune from liability." However, the emphasized language of § 24-10-104(1), C.R.S. (1982 Repl.Vol. 10) is clear that where the State has liability insurance, as does the State of Colorado, and its Parole Board, such public entities are deemed to have waived the defense of sovereign immunity, despite any provisions of law "or of this article" to the contrary. Since § 24-10-106(2), C.R.S. (1982 Repl.Vol. 10) is a "provision of this article," § 24-10-104(1), C.R.S. (1982 Repl. Vol. 10) takes precedence over and makes inapplicable § 24-10-106(2), C.R.S. (1982 Repl.Vol. 10). Therefore, sovereign immunity does not stand as a barrier to plaintiff's suit against either the Parole Board or the State. See Forrest v. County Commissioners, 629 P.2d 1105 (Colo.App.1981).

III.
Defendants argue finally that plaintiff should be precluded from maintaining a suit against them because of the inherent difficulty of the Parole Board's task of predicting who is and who is not likely to commit future crimes if released on parole. This argument is essentially directed at the merits of plaintiff's negligence claim, to-wit, whether defendants breached the relevant duty of care and whether such a breach was the actual and proximate cause of decedent's murder and, thus, plaintiff's injuries.
We need not address those issues here since this appeal is limited to a resolution of only the question of whether immunity bars any tort action, regardless of its merit, by plaintiff against the defendant entities. Here, we hold only that the Parole Board and the State of Colorado are not immune, under the doctrines of sovereign or official immunity, from plaintiff's *203 wrongful death action, which action is based on the alleged negligence of the entity of the Parole Board and upon the imputation of that alleged negligence, under the doctrine of respondeat superior, to the State of Colorado.
The trial court judgment dismissing plaintiff's cause of action is affirmed as to the individual liability of the members of the Parole Board and is reversed as to the liability of the entities of the Parole Board and the State of Colorado, and the cause is remanded for further proceedings.
KELLY and BABCOCK, JJ., concur.